IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NORMAN LAUNI, II,**

    Plaintiff,

v.                                                                        **CIVIL ACTION NO.: 3:19-CV-65
(GROH)**

**THE HAMPSHIRE COUNTY PROSECUTING
ATTORNEY'S OFFICE,
THE MORGAN COUNTY PROSECUTING
ATTORNEY'S OFFICE,
THE MINERAL COUNTY PROSECUTING
ATTORNEY'S OFFICE,
DAN JAMES, JR. Individually and in his official
capacity as Prosecuting Attorney for Hampshire
and Morgan Counties,
JON OURS, Individually and in his official capacity
as Special Prosecutor in Mineral County,
THE COUNTY COMMISSION OF HAMPSHIRE COUNTY,
WEST VIRGINIA,
THE COUNT COMMISSION OF MORGAN COUNTY,
WEST VIRGINIA and
THE COUNTY COMMISSION OF MINERAL COUNTY,
WEST VIRGINIA,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO ABSTAIN AND DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS

    Currently pending before the Court is the County and Prosecuting Attorney Defendants' Motion to Abstain and Dismiss or in the Alternative Stay Proceedings, filed on September 23, 2019. ECF No. 27. The Plaintiff filed a Memorandum in Opposition on October 15, 2019. ECF No. 31. The Defendants filed a Reply Memorandum in Support on October 27, 2019. ECF No. 34. Accordingly, the matter has been fully briefed and is now ripe for review. For the following reasons, the Defendants' motion is **DENIED**.

## I. Factual and Procedural Background

On April 29, 2019, Norman Launi II ("Plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983. ECF No. 1. On July 3, 2019, the Plaintiff sought leave to amend his complaint prior to serving the named Defendants. ECF No. 2. The Court granted the Plaintiff's motion [ECF No. 3] and the Plaintiff's amended complaint [ECF No. 4] was filed on the docket on July 15, 2019. The claims in the Plaintiff's amended complaint arise out of his arrest and criminal trial for domestic battery and assault. The background facts of the Plaintiff's alleged unlawful arrest and prosecution are as follows.

On August 16, 2016, Captain John Eckerson died. His death was believed to be caused by exposure to illicit substances during a field test. Defendant Dan James ("Defendant James"), who was at the time the prosecuting attorney for Hampshire County, West Virginia, made allegations the Plaintiff was involved in Captain John Eckerson's murder—even though Defendant James knew the Plaintiff had been out of town at the time of his death. Defendant Corporal Scott Nazelrod ("Defendant Nazelrod") was assigned to investigate the matter.

The Plaintiff alleges that in December of 2016, Penny Hartman, the Plaintiff's former partner, began harassing the Plaintiff. On January 25, 2017, Defendant James notified Defendant Nazelrod that Ms. Hartman contacted him and informed him that she had video recordings of the Plaintiff committing domestic violence against her. Defendant James requested Defendant Nazelrod investigate the matter. After interviewing Ms. Hartman about her claims, Defendant Nazelrod assisted Ms. Hartman in obtaining a domestic violence protective order against the Plaintiff. The protective

order required the Plaintiff to relinquish all of his firearms. Defendant Nazelrod also interviewed the Plaintiff regarding Ms. Hartman's claims. During his interview, the Plaintiff denied any physical assault and gave an alibi or explanation for each of Ms. Hartman's allegations. The Plaintiff alleges that Defendant Nazelrod's investigation into Ms. Hartman's claims took place while he was supposed to be investigating the death of Captain John Eckerson.

On February 18, 2017, the domestic violence protective order was dismissed upon request of Ms. Hartman. On April 6, 2017, the Plaintiff was informed that Ms. Hartman still wanted to pursue domestic violence charges against him. The Plaintiff requested Defendant Nazelrod proceed with his allegations of stalking and harassment against Ms. Hartman, but Defendant Nazelrod laughed at the Plaintiff's request and said he could not take cross complaints.

On April 7, 2017, the Plaintiff was charged with three counts of domestic battery and one count of domestic assault. The criminal complaint did not include any of the exculpatory information from the Plaintiff's interview with Defendant Nazelrod. The Plaintiff alleges that Defendant Nazelrod did not even prepare the criminal complaint himself, it was prepared by Defendant James. After the Plaintiff was arraigned, he was required to relinquish his guns and badge. Ms. Hartman attempted to get the charges against the Plaintiff dismissed, but she was unsuccessful. Ms. Hartman informed the Plaintiff that she was intimidated into bringing the charges and testifying at the trial. While going through discovery in preparation for trial, the Plaintiff noticed that a portion of his interview with Defendant Nazelrod had been excluded. The Plaintiff had recorded the conversation on his own recording device so he still had access to the missing part

of the conversation. He believed the interview had been edited to remove any portion mentioning Defendant James. The Plaintiff ultimately proceeded to trial and was acquitted of all the charges against him.

In the Plaintiff's instant complaint, he asserts fifteen claims for relief. The Plaintiff asserts Defendant James, Defendant Ours and Defendant Nazelrod each violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiff asserts Defendant James, Defendant Ours and Defendant Nazelrod each violated his due process rights under W. Va. Const. art. III, §§ 10 and 14. The Plaintiff asserts Defendant James, Defendant Ours and Defendant Nazelrod each violated his Fourth and Fourteenth Amendment right against unreasonable seizure. The Plaintiff further asserts a claim for vicarious liability against the Hampshire County Commission for the constitutional violations committed by Defendant James; the Morgan County Commission for the constitutional violations committed by Defendant James; the Mineral County Commission for the constitutional violations committed by Defendant Ours; the Hampshire County Prosecutor's Office for constitutional violations committed by Defendant James; and the Morgan County Prosecuting Attorney's Office for constitutional violations committed by Defendant James. The Plaintiff asserts a claim for negligent training and oversight against Defendant Colonel Cahill ("Defendant Cahill") of the West Virginia Police. The Plaintiff also asserts three alternate counts against the Morgan County Commission, the Hampshire County Commission and the Mineral County Commission for negligent training and oversight.

On September 23, 2019, the County and Prosecuting Attorney Defendants filed

a motion, requesting the Court abstain from exercising its jurisdiction over this matter and dismiss the case from its docket for lack of jurisdiction, or, in the alternative, stay the proceedings pending the resolution of the state court matters.  Specifically, the Defendants argue the Court should exercise abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971) and Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  In the Defendants' reply, they assert "they can no longer hold their initial position in favor of Younger abstention in good faith, and hereby waive this argument."  ECF No. 34 at 3.  Accordingly, the only remaining argument for the Court to consider is whether it shall abstain and stay this case under the Colorado River abstention doctrine.

## II. Applicable Law

As a general matter, "federal courts are obliged to decide cases within the scope of federal jurisdiction."  Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 71 (2013).  A federal court should not abstain "simply because a pending state-court proceeding involves the same subject matter."  Id.  However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).  Specifically, federal courts have the power to refrain from hearing: (1) cases that would interfere with pending state criminal proceedings or certain types of state civil proceedings; (2) cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; (3) cases raising issues intimately involved with the states' sovereign prerogative; (4) cases whose resolution by a federal court might unnecessarily interfere

with a state system for the collection of taxes; and (5) cases which are duplicative of a pending state proceeding. Id. at 716-17.

Under the Colorado River abstention doctrine, federal courts may refrain from hearing claims "in favor of ongoing, parallel proceedings in cases where 'consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). The Court weighs six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), in determining whether Colorado River abstention is proper:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceedings to protect the parties' rights.

Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (citations omitted). Courts should apply the Colorado River doctrine only in exceptional circumstances. See id. at 463. However, before considering the Colorado River factors, courts must first determine whether there are actively pending and parallel federal and state cases. Id. ("The threshold question . . . is whether there are parallel federal and state suits.") State and federal actions are considered parallel when "substantially the same parties litigate substantially the same issues in different forums," id. at 464 (internal quotations and citations omitted), and "there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case," AAR Int'l, Inc. v.

6

Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001) (internal quotations and citations omitted).  "Exact parallelism is not required.  It is enough if the two concurrent civil actions in state court and federal court are substantially similar."  Siler v. Webber, No. 3:05 CV 0341, 2009 WL 10680025, at *9 (E.D. Tenn. Jan. 27, 2009) (citing Bates v. Van Buren Twp., 122 F. App'x 803, 806 (6th Cir. 2004)).  If the court determines that the federal and state cases are not parallel, then the Colorado River doctrine is inapplicable.  Interstate Material Corp. v. Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988); see also Am. Family Life Assurance Co. of Columbus v. Biles, 714 F.3d 887, 892 (5th Cir. 2013); Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000); Crawley v. Hamilton Cty. Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984); Shields v. Murdoch, 891 F. Supp. 2d 567, 578 (S.D.N.Y. 2012); Hayes v. City of Columbus, No. 2:10 CV 0513, 2011 WL 2174973, at *4 (S.D. Ohio June 3, 2011).  "The decision of whether to defer proceedings because of parallel state litigation is generally committed to the discretion of the district court."  Kruse v. Snowshoe Co., 715 F.2d 120, 122 (4th Cir. 1983).

### III. Discussion

After considering the six factors "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses, 460 U.S. at 16, the Court finds exceptional circumstances do not exist to warrant abstention in this case.

First, the Court finds the state and federal actions are parallel because substantially the same parties are litigating substantially the same issues in both forums, and there is a substantial likelihood that the state actions could dispose of the claims presented in this case.  Hampshire, Morgan and Mineral Counties; the Hampshire, Morgan and Mineral County Prosecuting Attorney's Offices; Prosecuting Attorney Dan

James; and Special Prosecutor John Ours are all named as defendants in both actions. The differences between Corporal Nazelrod and the West Virginia State Police being named in the state court action and Corporal Nazelod and Colonel Cahill being named in the federal court action do not deplete the fact that substantially the same parties are named in both forums. Moreover, Corporal Nazelrod and Colonel Cahill have already been dismissed from this action. It is clear substantially the same parties are named in the state and federal actions.

In addition, while the alleged causes of action are different, the issues being litigated in both forums are substantially the same. The causes of action in both forums rest upon whether there was probable cause, whether exculpatory evidence was withheld and whether Hampshire, Morgan and Mineral Counties and Prosecuting Attorney's Offices can be vicariously liable for the allegedly improper conduct of Dan James and John Ours. Because the factual allegations and issues in both actions are the same, it is likely the state action could dispose of the claims in this case.

Finding that the state and federal actions are parallel, the Court weighs the six factors to determine if abstention is proper in this case. As to the first factor, there is no property at issue in this case. As to the second factor, the events occurred in the Northern District of West Virginia. Therefore, the federal forum is not inconvenient. As to the third factor, piecemeal litigation may occur. The state court may reach different conclusions than this Court as to the same issues. As to the fourth factor, the state court action was filed before the federal action. However, the Court has already issued rulings on some of the pertinent issues in this case when it granted Defendant Nazelrod's and Defendant Cahill's motion to dismiss. As to the fifth factor, federal law controls most of the issues in

this case. Specifically, the Plaintiff is alleging violations of his constitutional rights. However, the Plaintiff does also assert claims for violations of his state constitutional rights. As to the sixth factor, as the Defendants argue, the state court has concurrent jurisdiction over all of the Plaintiff's federal claims and state courts have long considered claims of constitutional violations. However, the Plaintiff also has an interest in bringing his § 1983 claims in federal court.

In considering each of the six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses, 460 U.S. at 16, the Court finds exceptional circumstances do not exist to warrant abstention in this case.

### IV. Conclusion

For the aforementioned reasons, the Court **ORDERS** that the Defendants' Motion to Abstain and Dismiss or in the Alternative Stay Proceedings [ECF No. 27] is hereby **DENIED**. It is further **ORDERED** the Plaintiff's Motion for Default Judgment [ECF No. 37] is **DENIED** and the Defendants' Motion for Leave to File Motion to Dismiss and Memorandum in Support Thereof [ECF No. 38] is **GRANTED**. The Defendants shall file their Motion to Dismiss and Memorandum in Support by April 23, 2020.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 17, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE